EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
05/14/2020
CT Log Number 537666934

TO: Leticia Salazar, Legal Specialist
SANTANDER CONSUMER USA INC.
1601 ELM ST STE 800
DALLAS, TX 75201-7260

RE: **Process Served in Texas**

FOR: Santander Consumer USA Inc.  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CARL SPIVEY, et al., Pltfs. vs. Santander Consumer USA Inc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 200500821 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/14/2020 at 15:13 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/14/2020, Expected Purge Date: 05/19/2020 |
| | Image SOP |
| | Email Notification,  Kelly Shumake  kshumake@santanderconsumerusa.com |
| | Email Notification,  TYRA WATTS  twatts@santanderconsumerusa.com |
| | Email Notification,  Errin Harvey  ejharvey@santanderconsumerusa.com |
| | Email Notification,  Max Martinez  mxmartinez@santanderconsumerusa.com |
| | Email Notification,  FELICIA JAIMES  fjaimes@santanderconsumerusa.com |
| | Email Notification,  Lasasha Ramsey  lramsey@santanderconsumerusa.com |
| | Email Notification,  PAMELA MASSEY  pmassey@santanderconsumerusa.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                Thu, May 14, 2020

**Server Name:**         Krystal Jones

**Location:**            Dallas, TX-DAL

| | |
|---|---|
| Entity Served | SANTANDER CONSUMER USA INC. |
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 200500821 |
| Jurisdiction | TX-DAL |



IN THE COURT OF COMMON PLEAS OF *Filed and Attested by the*
PHILADELPHIA COUNTY, PENNSYLVANIA *Office of Judicial Records*
*13 MAY 2020 07:43 pm*

| | |
|---|---|
| CARL SPIVEY, TROY ORR, KIMBERLY JOHNSTON, WESLEY MONTGOMERY, HUGH KELLY, CHRISTINE KELLY, WILLIAM HOWELLS, and LOUISE HOWELLS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SANTANDER CONSUMER USA, INC. <br><br> Defendant. | CIVIL ACTION <br><br> No. <br><br> CLASS ACTION COMPLAINT <br><br> <u>Counsel of Record for Plaintiffs</u>: <br> Richard Shenkan <br> Pa. Id. No. 79800 <br> Shenkan Injury Lawyers, LLC. <br> 6550 Lakeshore St. <br> West Bloomfield, MI 48323 <br> P: (248) 562-1320 F: (888) 769-1774 |

## NOTICE TO PLEAD

To Defendant: You are hereby notified to file a
written response to the within pleading within twenty
(20) days of service thereof or a judgment may be
entered against you.

SHENKAN INJURY LAWYERS, LLC.
/s/ Richard Shenkan
Richard Shenkan

1

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once.  If you do not have a lawyer or if you cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association Lawyer
Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

SHENKAN INJURY LAWYERS, LLC.

BY:

Richard Shenkan
Attorney for Plaintiff

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion . Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende , la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion . Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
Lleve esta demanda a un abogado inmediatamente.. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## CLASS ACTION COMPLAINT

Representative Plaintiffs Carl Spivey, Troy Orr, Kimberly Johnston, Wesley Montgomery, Hugh and Christine Kelly, and William and Louise Howells, on behalf of themselves and all others similarly situated, hereby file this Class Action Complaint against Defendant Santander Consumer USA, Inc. and allege as follows:

## INTRODUCTION

1.      Plaintiffs bring this consumer class action on behalf of similarly situated people in Pennsylvania, seeking monetary, injunctive, and declaratory relief, through the Uniform Commercial Code ("UCC"), independently, and in *pari materia* with the Motor Vehicle Sales Finance Act ("MVSFA")[1], necessitated by Defendant's conduct in in servicing its vehicle loans by, *inter alia*, failing to comply with the strict statutory procedural requirements relating to post-repossession consumer disclosure notices.

2.      The statutory violations at issue do not relate to the extension or denial of credit.

## PARTIES

3.      Carl Spivey is an adult individual who at all relevant times resided as 1314 Woodward Ave., McKees Rocks, PA 15136.

4.      Troy Orr and Kimberly Johnston are adult individuals who at all relevant times resided at 807 Kohlersburg Rd., New Bethlehem, PA 16242.

5.      Wesley Montgomery is an adult individual who at all relevant times resided at 903 Saxonburg Road, Butler, PA 16002.

---

[1] The MVSFA was originally found in Chapter 7 of Title 69 of Purdon's Statutes. In 2014, it was repealed and recodified in Chapter 62 of Title 12 of Pennsylvania Consolidated Statutes.

6.      Hugh and Christine Kelly are adult individuals who at all relevant times resided at 114 Opal Ct, Cranberry Township, PA 16066.

7.      William and Louise Howells are adult individuals who at all relevant times resided at 1067 Broadview Dr., Jim Thorpe, PA 18229.

8.      Santander Consumer USA Inc. ("Santander") is a corporation with its headquarters in Dallas, Texas.

9.      All Plaintiffs purchased their subject vehicle in Pennsylvania.

10.     All Plaintiffs had vehicles repossessed by Defendant (or its agent) in Pennsylvania.

11.     Santander sent each Plaintiff a Notice of Repossession at an address in Pennsylvania.

12.     Santander is a consumer finance company that provides vehicle financing, including through its direct lending program RoadLoans, and to retail customers at Chrysler dealerships under the "Chrysler Capital" brand name.

## JURISDICTION / VENUE

13.     Santander regularly and systematically conducts business throughout Pennsylvania, including Philadelphia.

14.     Plaintiffs, as masters of their complaint, are permitted to craft their complaint to avoid federal jurisdiction. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

15.     As said masters of their complaint, Plaintiffs explicitly and intentionally limit their relief to statutory damages on procedural claims under state law, do not make allegations of actual or concrete injury, and do not seek actual damages so as to avoid removal based on lack of Article III jurisdiction.

3

## DEFINITIONS

16. **Debtor**: The term "Debtor" is "A: (1) person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor ..." *See*, 13 Pa. C.S.A. §9102.

17. **Good Faith**: The term "Good Faith" means honesty in fact and the observance of reasonable commercial standards of fair dealing. 13 Pa.C.S.A. §1201; See, "Obligation of Good Faith" below.

18. **Motor Vehicle**: Except as otherwise stated, the terms "Motor Vehicle" and "Vehicle" mean a device in which, upon which, or by which a person or property is or may be transported or drawn upon a public highway, including an automobile, a truck, a sports utility vehicle, a van, a minivan, a camper, a recreational vehicle, a motorcycle, or a truck. For purposes of this Complaint, the term is not intended to include a semitrailer or manufactured home.

19. **Notice of Repossession**: The term "Notice of Repossession" refers to a post-repossession consumer disclosure notice and has the same meaning as the term "notification of disposition," in 13 Pa.C.S.A. §§9611, 9613, and 9614 and as "Notice of Repossession in 12 Pa.C.S. §6254. Santander used at least one standardized, uniform form throughout the Class Period. The only information modified in the Notices of Repossession that is unique to each customer consists of amounts, personally identifiable information, unique data pertaining to the repossessed vehicle, the customer's loan information, and dates. For purposes of this Complaint, Santander's documents entitled "NOTICE OF REPOSSESSION" and "NOTICE OF OUR PLAN TO SELL PROPERTY" will be collectively known as a "Notice of Repossession."

4

20. **Obligation of Good Faith**: The term "Obligation of Good Faith" refers to the requirement that "Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement." 13 Pa. C.S.A. §1304.

21. **Obligor:** The term "Obligor" refers to "A person that, with respect to an obligation secured by a security interest in or an agricultural lien on the collateral: (1) owes payment or other performance of the obligation; (2) has provided property other than the collateral to secure payment or other performance of the obligation; or (3) is otherwise accountable in whole or in part for payment or other performance of the obligation. The term does not include any issuer or nominated person under a letter of credit.

22. **Personal Property Fee**: The term "Personal Property Fee" refers to a fee which Santander and/or a third party repossessor, and/or the auction selling the repossessed vehicle would charge to debtors as a precondition to regaining possession of the personal possessions left in the repossessed vehicle when repossessed, including those class members who redeemed their vehicles.

23. **Post-Sale Notice**: The term "Post-Sale Notice" is a post-sale consumer disclosure notice which has the same meaning as the term "Explanation of Calculation of Surplus or Deficiency" in 13 Pa.C.S.A. §9616. This term also refers to the "deficiency notice" as required by 12 Pa.C.S. §6261(d).

24. **Redeem/Redemption:** Unless stated otherwise, the terms "Redeem" and "Redemption" mean a "buy back" of the repossessed vehicle by terminating the contract upon payment of the unpaid portion of the amount financed and the finance charge, plus late charges, costs of retaking, repairing and storing the vehicle, and any other amounts lawfully due under the contract. 12 Pa.C.S.A. §6259.

5

25.     **Redemption Fee**: The term "Redemption Fee" refers to a fee that Santander and/or a third party repossessor, and/or the auction selling the repossessed vehicle would charge to debtors as a precondition to redeem (buy back) his/her/their repossessed vehicle.

26.     **Schumer Box**: The term "Schumer box" is a table with a standardized format that discloses the rates, fees, terms and conditions of a credit card or other lending agreement as required under the federal Truth in Lending Act (TILA).

27.     **Storage Expense**:  The term "Storage Expense" is a fee/expense listed on the Notices of Repossession purportedly for the storage of the repossessed vehicle.

## FACTUAL BACKGROUND

28.     In approximately December 2015, Santander, caused Troy Orr and Kimberly Johnston's 2015 Kia Rio to be repossessed in Pennsylvania. Santander sent Orr and Johnston a Notice of Repossession (**Exhibit 1**) dated December 14, 2015. After Santander sold Orr and Johnston's vehicle, it sent them a Post-Sale Notice dated February 14, 2016. (**Exhibit 2**).

29.     Approximately in June 2017, Santander caused Hugh and Christine Kelly's 2006 Chrysler Pacifica to be repossessed. Santander then sent them a Notice of Repossession (**Exhibit 3 and Exhibit 4**) dated June 16, 2017. After Santander sold the vehicle, Santander sent them a Post-Sale Notice, a copy which is in the possession of Santander and will be obtained in discovery.

30.     Approximately in January 2018, Santander caused William and Louise Howell's 2014 Dodge Avenger to be repossessed. Santander sent William and Louise Howell Notices of Repossession dated January 5, 2018. (**Exhibit 5** and **Exhibit 6**). After the sale, Santander sent them Post-Sale Notices dated March 6, 2018. (**Exhibit 7** and **Exhibit 8**).

31.     Approximately in July 2018, Santander caused Wesley Montgomery's 2006 Jeep Grand Cherokee to be repossessed. Santander sent Wesley Montgomery a Notice of Repossession

6

dated July 18, 2017. (**Exhibit 9**). After Santander sold the vehicle, Santander sent him a Post-Sale Notice, a copy in the possession of Santander and will be obtained in discovery.

32.     In 2015, Santander repossessed and sold Carl Spivey's vehicle and sent him a Notice of Repossession and Post-Sale Notice, copies of which are in the possession of Santander and will be obtained in discovery.

33.     Santander sent a substantially similar template Notice of Repossession and Post-Sale Notice to all Representative Plaintiffs, excluding only differing personally identifiable information and unique information regarding the vehicle / loan data. An exemplar template Notice of Repossession and Post-Sale Notice, with the unique information redacted, is attached as **Exhibit 10** and **Exhibit 11**, respectively.

34.     While some Notices of Repossession sent by Santander listed the sender as "Santander Consumer USA Inc.," and others listed the sender as "Chrysler Capital," all were caused to be sent by the Defendant.

35.     FCA US LLC (formerly Chrysler Group LLC) permits Santander to use the Chrysler Capital trade name when providing financing services to its dealers and retail customers.

36.     Santander is the owner, holder, and servicing agent of all of the loans of the Class Members.

37.     The Notices of Repossession sent to the Plaintiffs had the following paragraph:

**As of the date of this notice, you can redeem the Vehicle by paying us the following:**

| | | |
|---|---|---|
| 1) | Unpaid balance: | $xxx.xx |
| 2) | Accrued Interest: | $xxx.xx |
| 3) | Unpaid default charges due: | $xxx.xx |
| 4) | Repossession expenses: | $xxx.xx |
| 5) | Storage expenses incurred through date of this Notice (@ $25.00 per day) | $25.00 |
| 6) | Other: [specify]_____ | $xxx.xx |
| | **Total sum required to redeem as of date of this Notice\*** | $xxx.xx |

7

38.     Santander, however, did not pay to any third party or otherwise incur *any* expense[2] for storing the repossessed vehicles of the Representative Plaintiffs as of the date of the Notice of Repossession, rendering the "Total sum required to redeem as of date of this Notice" to be systematically inaccurate.

39.     While the amount of the purported Storage Expense may vary amongst Class Members, in all instances, as a matter of policy and practice, in each Notice of Repossession sent to the Representative Plaintiffs and Class Members, Santander itemized an amount for "Storage expenses incurred through the date of this Notice" which was not incurred by or owed by Santander.

40.     In the alternative, in all instances, if Santander did incur a Storage Expense, the amount was far less than the purported daily rate as itemized on the Notice of Repossession sent to each Representative Plaintiffs.

41.     The Notices of Repossession sent to Plaintiffs also failed to inform them of a Redemption Fee and/or a Personal Property Fee that would have been required to have been paid in order to retrieve their personal affects left in the repossessed vehicle; to redeem (purchase) their repossessed vehicle; and/or to reinstate their loan.

42.     Santander had an undisclosed secretive arrangement with its repossessors, repossession brokers, and/or auctions to permit them to assess the Class Members a Redemption Fee and/or a Personal Property Fee as a precondition to redeem their vehicle and/or retrieve their personal possessions left in the repossessed vehicle.

---

[2] An "expense" is "an expenditure of money...." *Black's Law Dictionary Abridged*, 7th Ed. at 473.

Case ID: 200500821

43.     Like Storage Expenses, because these illegal fees were not disclosed in the Notice of Repossession, the "total sum required to redeem the vehicle as of the date of this Notice" as stated in the disclosure notice was further inaccurate.

44.     As stated below, Santander could only charge the Class Members for reasonable expenses.

45.     Santander violated the UCC, independently, and in *pari materia* with the MVSFA by permitting its repossessors, auctions, and/or repossession agents to assess its Class Members a Personal Property Fee and a Redemption Fee which it did not incur and which did not constitute a reasonable expense. Similarly, because it did not incur any amounts in connection with the storage of the repossessed vehicles, the Storage Expense also was not reasonable nor permitted by statutes.

## GOVERNING LAW

### The UCC and MVSFA must be read *in pari materia*

46.     Repossessors of vehicles, such as Santander, are required to comply with both the UCC and MVSFA, 12 Pa.C.S.A. §6201, *et seq.*, which must be applied in *pari materia. Industrial Valley Bank & Trust Co. v. Nash*, 349 Pa. Super. 27, 502 A.2d 1254 (1985); *Coy v. Ford Motor Credit Co.*, 422 Pa. Super. 76, 79, 618 A.2d 1024, 1025 (1993); *Cosgrove v. Citizens Auto. Finance, Inc.*, 2011 WL 3740809 (E.D. Pa. 2011); *Whiteman v. Degnan Chevrolet, Inc.*, 217 Pa. Super 424, 272 A.2d 244 (1970); *Maszgay v. First Commonwealth Bank*, 686-2015 (Jefferson Cty. 2015); and *McCall v. Drive Financial Services, L.P., et al.*, January Term, 5 (2009). **Exhibit 12**.

47.     "Statutes or parts of statutes are in *pari materia* when they relate to the same persons or things or to the same class of persons or things." 1 Pa. C.S. §1932(a). "Statutes in *pari materia* shall be construed together, if possible, as one statute." 1 Pa. C.S. §1932(b).

9

48.     The MVSFA sets forth notice requirements for secured parties who repossess other than by legal process. Likewise, the UCC sets forth the notice requirements for secured parties who repossess other than by legal process. Therefore, these statutes clearly relate to the same persons or things and/or to the same class of persons or things, debtors whose vehicles were repossessed outside the judicial process.

49.     Further, Comment 9 to 13 Pa.C.S.A.§9620 states:

> **Applicability of Other Law.** This section does not purport to regulate all aspects of the transaction by which a secured party may become the owner of collateral previously owned by the debtor. For example, a secured party's acceptance of a motor vehicle in satisfaction of secured obligations may require compliance with the applicable motor vehicle certificate-of-title law. State legislatures should conform those laws so that they mesh well with this section and Section 9-610, and courts should construe those laws and this section harmoniously. A secured party's acceptance of collateral in the possession of the debtor also may implicate statutes dealing with a seller's retention of possession of goods sold.

50.     Comment 9 specifically directs courts to construe UCC provisions "harmoniously," i.e. in *pari materia*, with other laws that regulate secured transactions. The MVSFA is such a law.

## STATUTORY VIOLATIONS

### Deficiencies in Notices of Repossession

51.     In the course of the repossession and disposition process, Santander had a statutory obligation to provide a "reasonable authenticated notification of disposition" (i.e. "Notice of Repossession") of the collateral, containing important mandatory information about the repossession and intended disposition of the vehicle. 13 Pa.C.S.A. §9611, §9614 and 12 Pa.C.S.A. §6254.

52.     A Notice of Repossession that lacks any of the required information is *insufficient as a matter of law*. 13 Pa.C.S.A. §9614, comment 2.

10

53.     Section 9623(b) of the UCC states:

"...[t]o redeem the collateral, a person shall tender ... (2) the reasonable expenses and attorney <u>fees described in section 9615(a)(1)(relating to application of proceed)</u>." (emphasis added).

54.     Thus, Santander's Notices of Repossession, which claims to inform the vehicle owner how much he/she will have to tender to Redeem the vehicle, can only include in that Redemption Amount those expenses listed in Section 9615(a)(1).

55.     Section 9615(a)(1) limits these expenses to:

"the reasonable expenses of retaking, holding, preparing for disposition, processing and disposing...<u>incurred by the secured party.</u>" (emphasis added).

56.     Further, the MVSFA states that a secured party can only charge for expenses that are "actual, necessary and reasonable." 12 Pa.C.S. §6256.

57.     Santander did not incur the amount it listed in the Notices of Repossession as a Storage Expense. Therefore, it could not include that amount in its Notices of Repossession.

58.     Santander did not incur that amount because at all relevant times during the class period, Santander had an undisclosed agreement with is repossessors and/or repossession brokers whereby Santander would be insulated from any storage expense associated with any repossession for the first approximately ten to fifteen days after repossession; only thereafter, Santander would be charged a small fee for storage. In most instances, Santander did not incur any storage expense because Santander transported the repossessed vehicle from the repossessor's lot before any storage expense would begin to be incurred by Santander.

59.     Indeed, the Storage Expense listed on the Notices of Repossession is not accurate and/or was not incurred by Santander. This fact is evidenced by the Post-Sale Notices sent to the Representative Plaintiffs which, as a matter of course, list "$0.00" as the "Costs of storing the

Vehicle."

60.    Further, as a matter of policy and/or practice, Santander, or its repossessors and/or repossession brokers, at the direction of or with the knowledge of Santander, would charge a Redemption Fee and/or a Personal Property Fee in order for the Representative Plaintiffs and Class Members who would seek to reclaim their personal affects left in the repossessed vehicle or to redeem their repossessed vehicle.

61.    The Notices of Repossession Santander sent to Plaintiffs and the Class Members violated the UCC and MVSFA in *pari materia* by stating an inaccurate amount required to redeem the vehicle (in violation of 12 Pa.C.S. §6254) because, *inter alia*, the notices:

> (a) Listed a fictitious Storage Expense as part of the itemized expenses comprising the purported total amount required to redeem the repossessed vehicle; and/or,

> (b) Failed to disclose a Redemption Fee and/or a Personal Property Fee – each of which were not incurred expenses by Santander.

62.    Santander also wrongly permitted its repossessor(s) and/or repossession brokers to assess a Personal Property Fee and/or a Redemption Fee to class members – each of which are not reasonable expenses incurred by Santander.

<u>**Commercial Unreasonableness/Violation of Good Faith**</u>

63.    There are two overarching principles that must guide a secured creditor's conduct in repossessing and selling a financed vehicle. <u>First</u>, all aspects of its conduct must be "commercially reasonable," as required by Section 9610(b).  <u>Second</u>, a secured creditor must fulfill its Obligation of Good Faith to conduct itself honestly and observe reasonable commercial standards of fair dealing. *See*, 13 Pa. C.S §1201 and §1304.

64.     Santander violated its Obligation of Good Faith and its requirement to proceed in a commercially reasonable manner by violating the UCC, independently, and the MVSFA in *pari materia*.

## DAMAGES

65.     13 Pa. C.S.A. §9625(c)(2) allows consumer Debtors/Obligors such as Plaintiffs and Class Members to recover statutory damages equal to the credit service charge (finance charge) plus 10% of the principal amount of the obligation (amount financed). These figures are readily determinable simply by a review of the Schumer Box of each Class Members' retail instalment sales contract.

66.     The Official Comments to the UCC are entitled to great weight under Pennsylvania law. Comment 4 to Section 9625 makes clear that these statutory damages are intended to establish a secured party's liability for violations of, *inter alia*, the notice provisions in consumer goods transactions, regardless of whether "actual damages" were incurred. That comment states in pertinent part:

> 4. **Minimum Damages in Consumer-Goods Transactions.** Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, *__regardless of any injury that may have resulted__*. Official Comment to §9625(c)(2)(Emphasis added).

67.     Plaintiffs and Class Members seek minimum statutory damages pursuant to 13 Pa. C.S. §9625(c)(2).

## CLASS ALLEGATIONS

68.     Plaintiffs bring this action on their own behalf and on behalf of the following class of individuals designated pursuant to Rules 1701-1717 of the Pennsylvania Rules of Civil Procedure.

13

69.     Plaintiffs propose the "Notice of Repossession Class" defined as: All Debtors,

Obligors, and co-obligors:

    (a)    who entered into a retail installment sales contract in Pennsylvania for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use; and,

    (b)    from whom Santander, as secured party, repossessed the vehicle or ordered it to be repossessed; and,

    (c)    whose Motor Vehicle was repossessed in Pennsylvania; and,

    (d)    who were caused to be sent a Notice of Repossession by Santander which listed an amount (other than $0) for "Storage expenses incurred through date of this Notice," and,

    (e)    within the period beginning six years prior to the filing of this Complaint, through the date of class certification.

70.     Plaintiffs believe that there are at least thousands of members of this class. This

class is sufficiently numerous that joinder of all members would be impractical.

71.     The classes and any trial would be readily manageable as the claims relate to

standardized policies and practices and notices based on standardized template forms.

72.     Questions of law which are common to all Plaintiffs and Class Members include

but are not limited to the following:

    (a)    Whether each Class Member entered into a consumer loan agreement in Pennsylvania and had his/her vehicle repossessed in Pennsylvania;

    (b)    Whether Santander was the secured creditor of each Class Member's subject vehicle loan at the time of repossession;

    (c)    Whether the subject Notice of Repossession complied with the UCC, independently, and MVSFA in *pari materia*; and,

    (d)    What the minimum statutory damages for the class is.

73.     Questions of fact which are common to all Plaintiffs and Class Members include

but are not limited to the following:

(a)    Whether Santander repossessed the financed vehicle of each class member;

(b)    Whether the storage expense itemized on the Notice of Repossession sent to Representative Plaintiffs constituted a reasonable expense and if its inclusion rendered the redemption amount in the disclosure notice to be inaccurate; and,

(c)    Whether Santander paid or is obligated to pay the amount of the Storage Expense listed on each Notice of Repossession which it caused to be sent to each class member.

74.    The Representative Plaintiffs' claims are typical of those of the class. All are based on the same factual and/or legal theories. Santander was the secured creditor on Plaintiffs' and Class Members' consumer vehicle loans. Santander declared a default on all Plaintiffs' and Class Members' loans. Additionally, Santander repossessed their vehicle(s), and sent Notices of Repossession to them based on the same or substantially similar forms and with the same or substantially similar deficiencies.

75.    Plaintiffs will fairly and adequately represent and protect the interests of the classes.

76.    The Plaintiffs are represented by counsel competent and experienced in both consumer protection and class action litigation.

77.    Plaintiffs have no conflict with Class Members in the maintenance of this action, and their respective claims are identical to or at least typical of claims of the Class Members.

78.    A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impracticable. This class action represents the fairest and most efficient method of adjudicating this controversy.

79.    Plaintiffs and the Class Members have substantive claims that are similar, if not identical, in all material respects and will require proof of the same kind and application of the same law.

80.     Santander has acted or refused to act on grounds generally applicable to the class, thereby making appropriate relief with respect to the class.

81.     There are no unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions.

82.     Minimum statutory damages can be calculated easily and with mathematical precision and can be easily determined, *inter alia*, by accessing the electronically stored records of Santander.

83.     Because most Class Members either do not know that their rights have been violated, could not economically justify the effort and expense required to litigate their individual claims, or have little interest in or ability to prosecute an individual action, due to the complexity of the issues involved in this litigation, a class action is the most practical proceeding in which they can recover.

84.     The questions of law and fact common to the class predominate over any questions affecting only individual members.

85.     The prosecution of several separate actions by the members of the class would create a risk of inconsistent or varying adjudications. A class action will serve the goals of judicial economy and ensure uniformity of decision.

86.     This Court is an appropriate forum since Santander regularly conduct business within Philadelphia County.

## COUNT 1

87.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

88.     Santander systematically sent Notices of Repossession to Plaintiffs and Class Members which:

(a)   Improperly included an expense for the storage of the repossessed vehicle which it did not incur;

(b)   Failed to disclose the Redemption Fee and Personal Property Fee; and,

(c)   Inaccurately stated the redemption amount;

89.   Santander improperly permitted (and ratified) its repossessors, repossession agents, and auctions to charge its borrowers a Redemption Fee and/or a Personal Property Fee.

90.   As a result of the foregoing, Santander violated the following UCC statutes [13 Pa.C.S. §9610(b), 13 Pa. C.S.A. §1304, §9610(b), §9615(a)(1), and §9623(b)], independently, and in *pari materia* with 12 Pa.C.S.A. §6254(c)(2) and §6256.

91.   The sample form Notice of Repossession a/k/a Notification of Disposition provided by the UCC at 13 Pa. C.S.A. 9614(3) includes explicit language which shows that the secured creditor is only permitted to assess (and be reimbursed) for incurred costs / expenses.

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request that this Honorable Court:

(a)   Certify the requested classes and appoint the undersigned as class counsel; and,

(b)   Award minimum statutory compensatory damages as provided by 13 Pa. C.S. §9625 (c)(2).

Respectfully submitted,
Shenkan Injury Lawyers, LLC.
/s/ Richard Shenkan
Richard Shenkan
*Attorney for Plaintiffs*

17

 **Santander** CONSUMER

Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF REPOSSESSION AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 12/14/2015

TROY A ORR
807 KOHLERSBURG RD
NEW BETHLEHEM, PA 16242-7427

Kimberly Johnston
807 KOHLERSBURG RD
NEW BETHLEHEM, PA 16242

**SENT VIA CERTIFIED MAIL**

Re:  Account No. 30000135429981000
Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 05/28/2015
2015 // KIA // RIO // VIN KNADM4A31F6458283

Dear TROY A ORR:

We have your Vehicle because you broke promises in our Agreement.

We will sell the Vehicle at the expiration of fifteen (15) days from the date we mail this notice (shown above) at a private sale sometime after 01/01/2016. A sale could include a lease or license.

The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you *will* still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time (redeem it) before we sell it by paying Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036 the total amounts itemized below **PLUS** any amounts incurred by us **after the date of this Notice**. If you were in default fifteen (15) days or less at the time we repossessed the Vehicle, you must pay the unpaid balance, plus the amount of any accrued default charges, plus any other amount lawfully due under the Agreement, less a rebate of unearned finance charges. If you were in default more than fifteen (15) days before we repossessed the Vehicle, you will also have to pay the costs of retaking, repairing, repossessing, and storing the Vehicle.

As of the date of this notice, you can redeem the Vehicle by paying us the following:

|  |  |
|---|---|
| 1) Unpaid balance: | $22,433.95 |
| 2) Accrued Interest: | $1,171.86 |
| 3) Unpaid default charges due: | $40.99 |
| 4) Repossession expenses: | $385.00 |
| 5) Storage expenses incurred through date of this Notice (@ $25.00 per day) | $25.00 |
| 6) Other: [specify] _____ | $0.00 |
| Total sum required to redeem as of date of this Notice * | $24,056.80 |

* The total sum required to redeem may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.

You must also pay to us any payments or expenses that may become due or be incurred **after the date of this Notice.**



P.O. Box 961245, Fort Worth, TX 76161-1245 · www.SantanderConsumerUSA.com · 888.222.4227
© 2014 Santander Consumer USA Inc. All rights reserved.
Page 1 of 2               9307 1100 1170 0844 1962 46

**EXHIBIT**

Case ID: 20050082

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation.

If you need more information about the sale call us at (888) 222-4227 or write us at the above address.

The Vehicle is stored at:

Premier Fin Adj-Hadley 3185 Rear Perry 3185 Rear Perry  Hadley, PA 16130

Any personal property we found in the Vehicle will be held by us for thirty (30) days from the date set forth at the top of this Notice. This property will be held at the address listed above for these thirty (30) days and may be redeemed between the hours of 9:00 AM local time and 5:00 PM local time. Please be advised that any property we find that is not claimed within thirty (30) days from the date of this Notice may be disposed of in the same manner as the Vehicle.

Payment should be directed to and notice may be served upon Reinstatement Dept., Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036.

We are sending this notice to the following other people who have an interest in the Vehicle. or who owe money under your Agreement:  Kimberly Johnston.

Sincerely,

Santander Consumer USA Inc.

NOTICE:  if you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

 Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

P.O. Box 901245, Fort Worth, TX 76161-1245 · www.SantanderConsumerUSA.com · 888.222.4227
© 2014 Santander Consumer USA Inc. All rights reserved.
Page 2 of 2                                    9307 1100 1170 0844 1962 46

Case ID: 200500821
PA-NOI-420
(Rev. 091814)



Santander Consumer USA
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## Explanation of Calculation of Surplus or Deficiency

Date: 02/14/2016

TROY A ORR
807 KOHLERSBURG RD
NEW BETHLEHEM, PA 16242-7427

**SENT VIA CERTIFIED MAIL**

Re:     Account No. 30000135429981000
        Retail Installment Sale or Credit Sale Contract dated 05/28/2015 ("Agreement")
        2015 // KIA // Rio // VIN KNADM4A31F6458283 ("Vehicle")

Dear TROY A ORR:

Please be advised that we disposed of the Vehicle on 01/19/2016. The proceeds of the sale have been applied as explained below. If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| | | | | | |
|---|---|---|---|---|---|
| 1. | Aggregate unpaid balance of Agreement as of 02/14/2016 | | | | $24,079.20 |
| 2. | Rebate of unearned finance charges as of 02/14/2016, if any | - | | | $0.00 |
| 3. | Accrued and unpaid late fees | + | | | $40.99 |
| 4. | Net balance due (1 minus 2 plus 3) | | | = | $24,120.19 |
| 5. | Gross proceeds from the sale of the Vehicle | - | | | $10,600.00 |
| 6. | Subtotal after deducting proceeds of sale (4 minus 5) | | | = | $13,520.19 |
| 7. | Costs of retaking the Vehicle | | | | $385.00 |
| 8. | Costs of storing the Vehicle | + | | | $0.00 |
| 9. | Costs of preparing the Vehicle for sale | + | | | $0.00 |
| 10. | Costs of selling the Vehicle | + | | | $238.00 |
| 11. | Attorneys' fees and court costs | + | | | $0.00 |
| 12. | Other costs: | + | | | $0.00 |
| 13. | Total Costs (7 through 12) | | | = | $623.00 |
| 14. | Credit: Rebate of unearned insurance premiums | | | | $0.00 |
| 15. | Credit: | + | | | $0.00 |
| 16. | Credit: | + | | | $0.00 |
| 17. | Total Credits (14 through 16) | | | = | $0.00 |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | | = | $14,143.19 |

(The checked box applies to you).
☑ Deficiency balance for which you are liable and for which demand* is hereby made $14,143.19. **
☐ Surplus balance to be remitted to you $0.00. **
☐ Surplus balance paid to a subordinate party $0.00.**
**Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.



EXHIBIT
2



PA_DEF_525_29044_092915
(Rev. 092915)
Case ID: 200500821

If you need more information about the transaction, contact us: Santander Consumer USA, P.O. Box 961245, Fort Worth, TX 76161-1245, (888) 222-4227.

Sincerely,

Santander Consumer USA

*NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.



 **Santander**
CONSUMER

Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF REPOSSESSION AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 06/16/2017

CHRISTINE E KELLY                    Hugh Kelly
114 OPAL CT                          114 OPAL CT
CRANBERRY TWP, PA 16066-6354         CRANBERRY TWP, PA 16066

**SENT VIA CERTIFIED MAIL**

Re:   Account No. 30000175073161000
      Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 02/26/2011
      2006 // CHRYSLER // PACIFICA-V6 // VIN 2A8GF68416R657517

Dear CHRISTINE E KELLY:

We have your Vehicle because you broke promises in our Agreement.

We will sell the Vehicle at the expiration of fifteen (15) days from the date we mail this notice (shown above) at a private sale sometime after 07/05/2017. A sale could include a lease or license.

The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time (redeem it) before we sell it by paying Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036 the to all amounts itemized below **PLUS** any amounts incurred by us **after the date of this Notice**. If you were in default fifteen (15) days or less at the time we repossessed the Vehicle, you must pay the unpaid balance plus the amount of any accrued default charges, plus any other amount lawfully due under the Agreement, less a rebate of unearned finance charges. If you were in default more than fifteen (15) days before we repossessed the Vehicle, you will also have to pay the costs of retaking, repairing, repossessing, and storing the Vehicle.

As of the date of this notice, you can redeem the Vehicle by paying us the following:

| | | |
|---|---|---:|
| 1) | Unpaid balance: | $4,019.06 |
| 2) | Accrued Interest: | S129.49 |
| 3) | Unpaid default charges due: | $287.81 |
| 4) | Repossession expenses: | $385.00 |
| 5) | Storage expenses incurred through date of this Notice (@ $25.00 per day) | $25.00 |
| 6) | Other: [specify] _____ | $0.00 |
| | Total sum required to redeem as of date of this Notice * | $4,846.36 |

* The total sum required to redeem may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.

You must also pay to us any payments or expenses that may become due or be incurred **after the date of this Notice.**



EXHIBIT

Case ID: 200500321

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation.

If you need more information about the sale call us at (888) 222-4227 or write us at the above address.

The Vehicle is stored at:

A L Recovery-2189 North Main St 2189 North Main St  Hubbard, OH 44425

Any personal property we found in the Vehicle will be held by us for thirty (30) days from the date set forth at the top of this Notice. This property will be held at the address listed above for the said thirty (30) days and may be redeemed between the hours of 9:00 AM local time and 5:00 PM local time. Please be advised that any property we find that is not claimed within thirty (30) days from the date of this Notice may be disposed of in the same manner as the Vehicle.

Payment should be directed to and notice may be served upon Reinstatement Dept., Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  Hugh Kelly.

Sincerely,

Santander Consumer USA Inc.



NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

P.O. Box 961245, Fort Worth, TX 76161-1245 • www.SantanderConsumerUSA.com • 888.222.4227
© 2014 Santander Consumer USA Inc. All rights reserved.

Case ID: 200500821

PA NOI 420



Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF REPOSSESSION AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 06/16/2017

Hugh Kelly
114 OPAL CT
CRANBERRY TWP, PA 16066-6354

CHRISTINE E KELLY
114 OPAL CT
CRANBERRY TWP, PA 16066

**SENT VIA CERTIFIED MAIL**

Re:   Account No. 30000175073161000
      Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 02/26/2011
      2006 // CHRYSLER // PACIFICA-V6 // VIN 2A8GF68416R657517

Dear Hugh Kelly:

We have your Vehicle because you broke promises in our Agreement.

We will sell the Vehicle at the expiration of fifteen (15) days from the date we mail this notice (shown above) at a private sale sometime after 07/05/2017. A sale could include a lease or license.

The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you *will* still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time (redeem it) before we sell it by paying Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036 the to al amounts itemized below **PLUS** amounts incurred by us **after the date of this Notice.** If you were in default fifteen (15) days or less at the time we repossessed the Vehicle, you must pay the unpaid balance plus the amount of any accrued default charges, plus any other amount lawfully due under the Agreement, less a rebate of unearned finance charges. If you were in default more than fifteen (15) days before we repossessed the Vehicle, you will also have to pay the costs of retaking, repairing, repossessing, and storing the Vehicle.

As of the date of this notice, you can redeem the Vehicle by paying us the following:

|  |  |
|---|---|
| 1) Unpaid balance: | $4,019.06 |
| 2) Accrued Interest: | $129.49 |
| 3) Unpaid default charges due: | $287.81 |
| 4) Repossession expenses: | $385.00 |
| 5) Storage expenses incurred through date of this Notice (@ $25.00 per day) | $25.00 |
| 6) Other: [specify] _____ | $0.00 |
| Total sum required to redeem as of date of this Notice * | $4,846.36 |

* The total sum required to redeem may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.

You must also pay to us any payments or expenses that may become due or be incurred **after the date of this Notice.**



P.O. Box 961245, Fort Worth, TX 76161-1245 • www.SantanderConsumerUSA.com • 888.222.4227
© 2014 Santander Consumer USA Inc. All rights reserved.

**EXHIBIT**

Case ID: 200500820

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation.

If you need more information about the sale call us at (888) 222-4227 or write us at the above address.

The Vehicle is stored at:

A L Recovery-2189 North Main St 2189 North Main St  Hubbard, OH 44425

Any personal property we found in the Vehicle will be held by us for thirty (30) days from the date set forth at the top of this Notice. This property will be held at the address listed above for the said thirty (30) days and may be redeemed between the hours of 9:00 AM local time and 5:00 PM local time. Please be advised that any property we find that is not claimed within thirty (30) days from the date of this Notice may be disposed of in the same manner as the Vehicle.

Payment should be directed to and notice may be served upon Reinstatement Dept., Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  Hugh Kelly.

Sincerely,

Santander Consumer USA Inc.

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



P.O. Box 961245, Fort Worth, TX 76161-1245 • www.SantanderConsumerUSA.com • 888.222.4227
© 2014 Santander Consumer USA Inc. All rights reserved



**CHRYSLER**
C A P I T A L

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

## NOTICE OF REPOSSESSION AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 01/05/2018

WILLIAM R HOWELLS
1067 BROADVIEW DR
JIM THORPE, PA 18229-1621

Louise Howells
1067 Broadview Dr
Jim Thorpe, PA 18229

**SENT VIA CERTIFIED MAIL**

Re:  Account No. 30000188382001000
Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 01/30/2015
2014 // DODGE // AVENGER // VIN 1C3CDZAB9EN237638

Dear WILLIAM R HOWELLS:

We have your Vehicle because you broke promises in our Agreement.

We will sell the Vehicle at the expiration of fifteen (15) days from the date we mail this notice (shown above) at a private sale sometime after 01/24/2018. A sale could include a lease or license.

The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you *will* still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time (redeem it) before we sell it by paying Chrysler Capital, 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036 the total amounts itemized below **PLUS** any amounts incurred by us **after the date of this Notice**. If you were in default fifteen (15) days or less at the time we repossessed the Vehicle, you must pay the unpaid balance, plus the amount of any accrued default charges, plus any other amount lawfully due under the Agreement, less a rebate of unearned finance charges. If you were in default more than fifteen (15) days before we repossessed the Vehicle, you will also have to pay the costs of retaking, repairing, repossessing, and storing the Vehicle.

As of the date of this notice, you can redeem the Vehicle by paying us the following:

| | |
|---|---|
| 1) Unpaid balance: | $24,005.38 |
| 2) Accrued Interest: | $599.81 |
| 3) Unpaid default charges due: | $65.97 |
| 4) Repossession expenses: | $185.00 |
| 5) Storage expenses incurred through date of this Notice (@ $25.00 per day) | $25.00 |
| 6) Other: [specify] _____ | $0.00 |
| Total sum required to redeem as of date of this Notice * | $24,881.16 |

* The total sum required to redeem may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.

You must also pay to us any payments or expenses that may become due or be incurred after **the date of this Notice.**



P.O. Box 961275, Fort Worth, TX 76161-1275 • www.ChryslerCapital.com • 855.563.5635
©2014 Chrysler Capital. Chrysler Capital is a registered trademark of Chrysler Group LLC and licensed to Santander Consu
Page 1 of 2
9307 1100 1170 0943 0282 02

PA-NOI-4

EXHIBIT
5

Case ID: 200500082

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (855) 563-5635 or write us at P.O. Box 961275, Fort Worth, TX 76161-1275 and request a written explanation.

If you need more information about the sale call us at (855) 563-5635 or write us at the above address.

The Vehicle is stored at:

MT Pocono 203 Rt 196  Tobyhanna, PA 18466

Any personal property we found in the Vehicle will be held by us for thirty (30) days from the date set forth at the top of this Notice. This property will be held at the address listed above for these thirty (30) days and may be redeemed between the hours of 9:00 AM local time and 5:00 PM local time. Please be advised that any property we find that is not claimed within thirty (30) days from the date of this Notice may be disposed of in the same manner as the Vehicle.

Payment should be directed to and notice may be served upon Reinstatement Dept., Chrysler Capital, 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  Louise Howells.

Sincerely,

Chrysler Capital

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

CHRYSLER CAPITAL IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

 Chrysler Capital can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



**CHRYSLER**
C A P I T A L

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

## NOTICE OF REPOSSESSION AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 01/05/2018

Louise Howells
1067 BROADVIEW DR
JIM THORPE, PA 18229-1621

WILLIAM R HOWELLS
1067 BROADVIEW DR
JIM THORPE, PA 18229

**SENT VIA CERTIFIED MAIL**

Re:    Account No. 30000188382001000
       Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 01/30/2015
       2014 // DODGE // AVENGER // VIN 1C3CDZAB9EN237638

Dear Louise Howells:

We have your Vehicle because you broke promises in our Agreement.

We will sell the Vehicle at the expiration of fifteen (15) days from the date we mail this notice (shown above) at a private sale sometime after 01/24/2018. A sale could include a lease or license.

The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you *will* still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time (redeem it) before we sell it by paying Chrysler Capital, 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036 the total amounts itemized below **PLUS** any amounts incurred by us **after the date of this Notice**. If you were in default fifteen (15) days or less at the time we repossessed the Vehicle, you must pay the unpaid balance, plus the amount of any accrued default charges, plus any other amount lawfully due under the Agreement, less a rebate of unearned finance charges. If you were in default more than fifteen (15) days before we repossessed the Vehicle, you will also have to pay the costs of retaking, repairing, repossessing, and storing the Vehicle.

As of the date of this notice, you can redeem the Vehicle by paying us the following:

| | |
|---|---|
| 1) Unpaid balance: | $24,005.38 |
| 2) Accrued Interest: | $599.81 |
| 3) Unpaid default charges due: | $65.97 |
| 4) Repossession expenses: | $185.00 |
| 5) Storage expenses incurred through date of this Notice (@ $25.00 per day) | $25.00 |
| 6) Other: [specify] _____ | $0.00 |
| Total sum required to redeem as of date of this Notice * | $24,881.16 |

* The total sum required to redeem may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.

You must also pay to us any payments or expenses that may become due or be incurred **after the date of this Notice**.



P.O. Box 961275, Fort Worth, TX 76161-1275 • www.ChryslerCapital.com • 855.563.5635          PA-NOI-
©2014 Chrysler Capital. Chrysler Capital is a registered trademark of Chrysler Group LLC and licensed to Santander Cons
Page 1 of 2                                              9307 1100 1170 0943 0290 63

**EXHIBIT**

Case ID: 20050082

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (855) 563-5635 or write us at P.O. Box 961275, Fort Worth, TX 76161-1275 and request a written explanation.

If you need more information about the sale call us at (855) 563-5635 or write us at the above address.

The Vehicle is stored at:

MT Pocono 203 Rt 196 Tobyhanna, PA 18466

Any personal property we found in the Vehicle will be held by us for thirty (30) days from the date set forth at the top of this Notice. This property will be held at the address listed above for these thirty (30) days and may be redeemed between the hours of 9:00 AM local time and 5:00 PM local time. Please be advised that any property we find that is not claimed within thirty (30) days from the date of this Notice may be disposed of in the same manner as the Vehicle.

Payment should be directed to and notice may be served upon Reinstatement Dept., Chrysler Capital, 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  WILLIAM R HOWELLS.

Sincerely,

Chrysler Capital

NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

CHRYSLER CAPITAL IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Chrysler Capital can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



©2014 Chrysler Capital. Chrysler Capital is a registered trademark of Chrysler Group LLC and licensed to Santander Consumer USA Inc.

200500821

 **CHRYSLER**
C A P I T A L

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

## Explanation of Calculation of Surplus or Deficiency

Date: 03/06/2018

WILLIAM R HOWELLS
1067 BROADVIEW DR
JIM THORPE, PA 18229-1621


**SENT VIA CERTIFIED MAIL**

Re:    Account No. 30000188382001000
       Retail Installment Sale or Credit Sale Contract dated 01/30/2015 ("Agreement")
       2014 // DODGE // Avenger // VIN 1C3CDZAB9EN237638 ("Vehicle")

Dear WILLIAM R HOWELLS:

Please be advised that we disposed of the Vehicle on 02/15/2018. The proceeds of the sale have been applied as explained below. If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| | | | | |
|---|---|---|---|---|
| 1. | Aggregate unpaid balance of Agreement as of 03/06/2018 | | $25,121.20 | |
| 2. | Rebate of unearned finance charges as of 03/06/2018, if any | - | $0.00 | |
| 3. | Accrued and unpaid late fees | + | $65.97 | |
| 4. | Net balance due (1 minus 2 plus 3) | | | = $25,187.17 |
| 5. | Gross proceeds from the sale of the Vehicle | - | $5,800.00 | |
| 6. | Subtotal after deducting proceeds of sale (4 minus 5) | | | = $19,387.17 |
| 7. | Costs of retaking the Vehicle | | $185.00 | |
| 8. | Costs of storing the Vehicle | + | $0.00 | |
| 9. | Costs of preparing the Vehicle for sale | + | $0.00 | |
| 10. | Costs of selling the Vehicle | + | $221.50 | |
| 11. | Attorneys' fees and court costs | + | $0.00 | |
| 12. | Other costs: | + | $0.00 | |
| 13. | Total Costs (7 through 12) | | | = $406.50 |
| 14. | Credit: Rebate of unearned insurance premiums | | $0.00 | |
| 15. | Credit: | + | $0.00 | |
| 16. | Credit: | + | $0.00 | |
| 17. | Total Credits  (14 through 16) | | | = $0.00 |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | | = $19,793.67 |

(The checked box applies to you).
☑ Deficiency balance for which you are liable and for which demand* is hereby made $19,793.67. **
☐ Surplus balance to be remitted to you $0.00. **
☐ Surplus balance paid to a subordinate party $0.00.**
**Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.



EXHIBIT

7

 **PO BOX 961275 // FORT WORTH, TX 76161-1275**
©2015 Chrysler Capital. Chrysler Capital is a trademark of FCA US LLC and licensed to Santander Consumer USA Inc.
Page 1 of 2                                                      9307110011700950618182

PA_DEF_525_29044_072715
Case ID: 200500821
(Rev. 072715)



**CHRYSLER**
C A P I T A L

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

## Explanation of Calculation of Surplus or Deficiency

Date: 03/06/2018

LOUISE HOWELLS
1067 BROADVIEW DR
JIM THORPE, PA 18229-1621

**SENT VIA CERTIFIED MAIL**

Re:  Account No. 30000188382001000
Retail Installment Sale or Credit Sale Contract dated 01/30/2015 ("Agreement")
2014 // DODGE // Avenger // VIN 1C3CDZAB9EN237638 ("Vehicle")

Dear Louise Howells:

Please be advised that we disposed of the Vehicle on 02/16/2018. The proceeds of the sale have been applied as explained below.  If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| 1. | Aggregate unpaid balance of Agreement as of 03/06/2018 | | $25,121.20 | | |
|---|---|---|---|---|---|
| 2. | Rebate of unearned finance charges as of 03/06/2018, if any | − | $0.00 | | |
| 3. | Accrued and unpaid late fees | + | $65.97 | | |
| 4. | Net balance due (1 minus 2 plus 3) | | | = | $25,187.17 |
| 5. | Gross proceeds from the sale of the Vehicle | − | $5,800.00 | | |
| 6. | Subtotal after deducting proceeds of sale (4 minus 5) | | | = | $19,387.17 |
| 7. | Costs of retaking the Vehicle | | $185.00 | | |
| 8. | Costs of storing the Vehicle | + | $0.00 | | |
| 9. | Costs of preparing the Vehicle for sale | + | $0.00 | | |
| 10. | Costs of selling the Vehicle | + | $221.50 | | |
| 11. | Attorneys' fees and court costs | + | $0.00 | | |
| 12. | Other costs: | + | $0.00 | | |
| 13. | Total Costs (7 through 12) | | | = | $406.50 |
| 14. | Credit: Rebate of unearned insurance premiums | | $0.00 | | |
| 15. | Credit: | + | $0.00 | | |
| 16. | Credit: | + | $0.00 | | |
| 17. | Total Credits  (14 through 16) | | | = | $0.00 |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | | = | $19,793.67 |

(The checked box applies to you).
☑  Deficiency balance for which you are liable and for which demand* is hereby made $19,793.67. **
☐  Surplus balance to be remitted to you $0.00. **
☐  Surplus balance paid to a subordinate party $0.00.**
**Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.



```
EXHIBIT

[unbiler]   8
```

PO BOX 961275 // FORT WORTH, TX 76161-1275
©2015 Chrysler Capital. Chrysler Capital is a trademark of FCA US LLC and licensed to Santander Consumer USA Inc.
Page 1 of 2                    93071300117009506181٩٩

PA_DEF_525_29044_072715
Case ID: 200500821
(Rev. 072715)

 **Santander**
CONSUMER

Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF REPOSSESSION AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 07/18/2017

WESLEY MONTGOMERY
903 SAXONBURG RD
BUTLER, PA 16002-9041

### SENT VIA CERTIFIED MAIL

Re:  Account No. 30000167698001000
Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 12/09/2010
2006 // JEEP // GRAND CHEROK // VIN 1J4GR48K96C323594

Dear WESLEY MONTGOMERY:

We have your Vehicle because you broke promises in our Agreement.

We will sell the Vehicle at the expiration of fifteen (15) days from the date we mail this notice (shown above) at a private sale sometime after 08/06/2017. A sale could include a lease or license.

The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you *will* still owe us the difference. If we get more money ~~than you owe~~, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time (redeem it) before we sell it by paying Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036 the total amounts itemized below **PLUS** any amounts incurred by us **after the date of this Notice**. If you were in default fifteen (15) days or less at the time we repossessed the Vehicle, you must pay the unpaid balance, plus the amount of any accrued default charges, plus any other amount lawfully due under the Agreement, less a rebate of unearned finance charges. If you were in default more than fifteen (15) days before we repossessed the Vehicle, you will also have to pay the costs of retaking, repairing, repossessing, and storing the Vehicle.

As of the date of this notice, you can redeem the Vehicle by paying us the following:

|  |  |
|---|---|
| 1) Unpaid balance: | $10,783.76 |
| 2) Accrued Interest: | $719.71 |
| 3) Unpaid default charges due: | $584.63 |
| 4) Repossession expenses: | $405.00 |
| 5) Storage expenses incurred through date of this Notice (@ $25.00 per day) | $25.00 |
| 6) Other: [specify] _____ | $0.00 |
| Total sum required to redeem as of date of this Notice * | $12,518.10 |

* The total sum required to redeem may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.

You must also pay to us any payments or expenses that may become due or be incurred **after the date of this Notice.**



P.O. Box 961245, Fort Worth, TX 76161-1245 • www.SantanderConsumerUSA.com • 888.222.4227
© 2014 Santander Consumer USA Inc. All rights reserved.
Page 1 of 2                    9307 1100 1170 0921 6696 87

**EXHIBIT**
Q
Case ID: 200500821

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation.

If you need more information about the sale call us at (888) 222-4227 or write us at the above address.

The Vehicle is stored at:

A L Recovery 1051 Unity Center Rd 1051 Unity Center Rd  Pittsburgh, PA 15239

Any personal property we found in the Vehicle will be held by us for thirty (30) days from the date set forth at the top of this Notice. This property will be held at the address listed above for these thirty (30) days and may be redeemed between the hours of 9:00 AM local time and 5:00 PM local time. Please be advised that any property we find that is not claimed within thirty (30) days from the date of this Notice may be disposed of in the same manner as the Vehicle.

Payment should be directed to and notice may be served upon Reinstatement Dept., Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  N/A.

Sincerely,

Santander Consumer USA Inc.

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



P.O. Box 961245, Fort Worth, TX 76161-1245 • www.SantanderConsumerUSA.com • 888  222.4227
© 2014 Santander Consumer USA Inc. All rights reserved.

Case ID: 200500821
PA-NOI-420
(Rev. 091814)



Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF REPOSSESSION AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: ▮▮▮▮▮▮



SENT VIA CERTIFIED MAIL

Re:     Account No. ▮▮▮▮▮▮▮
        Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated ▮▮▮▮▮
        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear ▮▮▮▮▮▮▮

We have your Vehicle because you broke promises in our Agreement.

We will sell the Vehicle at the expiration of fifteen (15) days from the date we mail this notice (shown above) at a private sale sometime after ▮▮▮▮▮ A sale could include a lease or license.

The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you *will* still owe us the difference. If we get more money han-you-owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time (redeem it) before we sell it by paying Santander Consumer USA Inc., ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the total amounts itemized below **PLUS** any amounts incurred by us **after the date of this Notice.** If you were in default fifteen (15) days or less at the time we repossessed the Vehicle, you must pay the unpaid balance, plus the amount of any accrued default charges, plus any other amount lawfully due under the Agreement, less a rebate of unearned finance charges. If you were in default more than fifteen (15) days before we repossessed the Vehicle, you will also have to pay the costs of retaking, repairing, repossessing, and storing the Vehicle.

As of the date of this notice, you can redeem the Vehicle by paying us the following:

| | |
|---|---|
| 1) Unpaid balance: | $▮▮▮ |
| 2) Accrued Interest: | |
| 3) Unpaid default charges due: | $▮▮▮ |
| 4) Repossession expenses: | $▮▮▮ |
| 5) Storage expenses incurred through date of this Notice (@ $25.00 per day) | $▮▮▮ |
| 6) Other: [specify] _____ | |
| Total sum required to redeem as of date of this Notice * | $▮▮▮ |

* The total sum required to redeem may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.

You must also pay to us any payments or expenses that may become due or be incurred after the date of this Notice.





EXHIBIT
10
Case ID: 200500082

If you want us to explain to you in writing how we have figured the amount that yc  ɔ owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1; 45 and request a written explanation.

If you need more information about the sale call us at (888) 222-4227 or write us at the above address.

The Vehicle is stored at:

Any personal property we found in the Vehicle will be held by us for thirty (30) day . from the date set forth at the top of this Notice. This property will be held at the address listed above for the e thirty (30) days and may be redeemed between the hours of 9:00 AM local time and 5:00 PM local time. F lease be advised that any property we find that is not claimed within thirty (30) days from the date of this No ice may be disposed of in the same manner as the Vehicle.

Payment should be directed to and notice may be served upon Reinstatement D ipt., Santander Consumer USA Inc., 5201 Rufe Snow Dr., Suite 400, North Richland Hills, TX 76180-6036.

We are sending this notice to the following other people who have an interest i  the Vehicle, or who owe money under your Agreement:  N/A.

Sincerely,

Santander Consumer USA Inc.

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. § 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT 1 ) COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPC SES ONLY.

SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPC SE.

Santander Consumer USA can report information about your account to credit bureaus. Late payments, n  ssed payments or other defaults on your account may be reflected in your credit report.



P.O. Box 961245, Fort Worth, TX 76161-1245 • www.SantanderConsumerUSA.com • 888  !22.4227
© 2014 Santander Consumer USA Inc. All rights reserved.



Santander Consumer USA
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## Explanation of Calculation of Surplus or Deficiency

Date: ▧▧▧▧▧▧▧

▧▧▧▧▧▧▧▧▧▧▧▧▧

**SENT VIA CERTIFIED MAIL**

Re:     Account No. ▧▧▧▧▧▧▧▧
        Retail Installment Sale or Credit Sale Contract dated ▧▧▧▧▧ ("Agreement")
        ▧▧▧▧▧▧▧▧▧▧▧▧▧ ("Vehicle")

Dear ▧▧▧▧▧:

Please be advised that we disposed of the Vehicle on ▧▧▧▧▧ The proceeds of the sale have been applied as explained below.  If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| | | | | |
|---|---|---|---|---|
| 1. | Aggregate unpaid balance of Agreement as of ▧▧▧▧ | | | $▧▧▧▧ |
| 2. | Rebate of unearned finance charges as of ▧▧▧ if any | - | $▧▧ | |
| 3. | Accrued and unpaid late fees | + | $▧▧ | |
| 4. | Net balance due (1 minus 2 plus 3) | | = | $▧▧▧▧ |
| 5. | Gross proceeds from the sale of the Vehicle | - | $▧▧▧ | |
| 6. | Subtotal after deducting proceeds of sale (4 minus 5) | | = | $▧▧▧▧ |
| 7. | Costs of retaking the Vehicle | | $▧▧ | |
| 8. | Costs of storing the Vehicle | + | $▧▧ | |
| 9. | Costs of preparing the Vehicle for sale | + | $▧▧ | |
| 10. | Costs of selling the Vehicle | + | $▧ | |
| 11. | Attorneys' fees and court costs | + | $▧ | |
| 12. | Other costs: | + | $▧ | |
| 13. | Total Costs (7 through 12) | | = | $▧▧▧ |
| 14. | Credit:  Rebate of unearned insurance premiums | | $▧ | |
| 15. | Credit: | + | $▧ | |
| 16. | Credit: | + | $▧ | |
| 17. | Total Credits (14 through 16) | | = | $▧▧ |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | = | $▧▧ |

(The checked box applies to you).
☑ Deficiency balance for which you are liable and for which demand* is hereby made $▧▧▧▧ **
☐ Surplus balance to be remitted to you $▧▧ **
☐ Surplus balance paid to a subordinate party $▧▧ **
**Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.




©2015 Santander Consumer USA Inc. // PO Box 961245 // Fort Worth, TX 76161-1245
Page 1 of 2
PA_DEF_525_29044_092915
(Rev. 092915)

Case ID: 200500821

If you need more information about the transaction, contact us: Santander Consumer USA, P.O. Box 961245, Fort Worth, TX 76161-1245, (888) 222-4227.

Sincerely,

Santander Consumer USA

*NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you:  THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

 ©2015 Santander Consumer USA Inc. // PO Box 961245 // Fort Worth, TX 76161-1245    PA_DEF_525_26044_092915
(Rev. 092915)

Case ID: 200500821

## IN THE COURT OF COMMON PLEAS
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

COLEMAN McCALL, JR.,         :         **January Term, 2006**
Individually and on behalf of all others  :
Similarly situated                 :
           v.              :         **No. 00005**
                            :
DRIVE FINANCIAL SERVICES, L.P.  :
and                          :
DRIVE GP, LLC               :

### <u>OPINION</u>

Plaintiff brings this class action pursuant to Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa C.S. § 9601, et seq., and Pennsylvania's Motor Vehicle Sales Financing Act ("MVSFA"), 69 P.S. § 601, et seq. The legislature, through the UCC and the MVSFA, requires secured parties to provide consumers with specific, detailed notices of repossession and sale. Consumers are entitled by statute to deficiency notices post sale. Only by receiving a prompt deficiency notice can the consumer know whether a creditor will claim that the vehicle proceeds do not satisfy the remaining obligation and that the creditor intends to hold the consumer liable for a deficiency balance.

Plaintiff Coleman McCall alleges among other things, that Defendants Drive Financial Services, L.P. and Drive, GP, LLC, have violated state law notice requirements in connection with motor vehicle repossessions. There is no dispute that Defendants have utilized uniform procedures, forms and manner of notice with respect to their vehicle repossessions in the Commonwealth of Pennsylvania.

Mccall Jr Vs Drive Financial Services Lp Etc-ORDOP



060100005

EXHIBIT
Case ID 060050082

Defendant Drive Financial Services, L.P. ("Drive") is a Texas based automobile-finance company. When a consumer has defaulted on a loan, Drive repossesses and re-sells the consumer's vehicle that collateralizes the loan. In the course of repossessing vehicles belonging to plaintiff and the potential class, Drive failed both substantively and procedurally to provide plaintiff and the potential class with, among other information, the 15 day notice period required under (1) the UCC, (2) the parties' retail installment contract, and (3) the statute specifically governing repossession practice – the MVSFA.

The UCC requires a creditor to provide "reasonable authenticated notification of disposition" after repossessing a vehicle, 13 Pa. C.S. § 9611. The UCC does not itself define what is "reasonable" but looks to other sources for definition. The MVSFA is the Pennsylvania statute designed to cover repossessions and protect consumers from abuses by allowing a minimum period to cure any default or redeem before sale. *See*, 69 P.S. § 623D. Under the MVSFA, a creditor must provide:

> [a] written "notice of repossession" delivered in person, or sent by registered certified mail directed to the last known address of the buyer. Such notice shall set forth the buyer's right as to reinstatement of the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle, shall contain an itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full, shall give notice to the buyer of the holder's intent to re-sell the motor vehicle at the expiration of fifteen (15) days from the date of mailing such notice, shall disclose the place at which the motor vehicle is stored, and shall designate the name and address of the person to whom the buyer shall make payment, or upon whom he may serve notice. The holder's notice shall also state that any personal property left in the repossessed vehicle will be held for thirty (30) days from the date of the notice's mailing. The personal property may be reclaimed within the thirty (30) day time period. Thereafter the property may be disposed of in the same manner as the motor vehicle and other collateral.

As set forth above, the MVSFA requires that a notice of repossession be sent to the consumer advising the consumer of several items, including 15 days notice of intent

to sell the repossessed vehicle.  69 P.S. §623D.  Under 1 Pa. C.S. § 1933, a particular provision of one statute i.e. the MVSFA, controls a general provision of another statute addressing the same topic, i.e. the UCC.  Since provisions of the UCC and the MVSFA are read *in pari materia*, plaintiff and the potential class were entitled, inter alia, to at least 15 days notice of the intent to sell the repossessed vehicle, which did not occur. *Industrial Valley Bank & Trust v. Nash*, 502 A.2d 1254, 1263 (Pa. Super. 1985)("On the question of the kind of notice to be given to a debtor by the secured creditor, the MVSFA and the U.C.C. are clearly in *pari materia* since they relate to the identical thing – the sale of a repossessed motor vehicle."); *Coy v. Ford Motor Company*, 618 A.2d 1024, 1026(Pa. Super.1993).

In addition to the MVSFA's statutory requirement of at least 15 days notice of sale, the parties agreed in their finance contract that a borrower whose car is repossessed would have at least 15 days notice to redeem.  The finance contract at issue provides at ¶ 12(b) under "some things you should know if we repossess the vehicle":

> You have the right to buy back (redeem) the vehicle within 15 days of the mailing of the Notice and at any later time before we sell the vehicle.  If you do not redeem, you give up all claim to the vehicle.

Driver's notice provided only 10 days, despite the contractual and statutory obligation to provide a minimum of 15 days.

Under the MVSFA, Drive was also required to provide plaintiff and the class information both regarding (1) the location of the repossessed vehicle; and (2) that any personal property left in the vehicle would be held for 30 days from the date of mailing the notice so plaintiff and potential members of the class could retrieve the property. 69 P.S. § 623D.  Drive, in its form Notice, also failed to provide that information.

If after the sale of the vehicle there is a deficiency balance, a creditor must send a letter explaining the deficiency (referred to herein as "Deficiency Notice") when it first makes written demand for the deficiency, or within 14 days after receipt of a request for an explanation by the consumer. 13 Pa C.S. § 9616. The Deficiency Notice must provide information about the aggregate amount of the obligation secured by the security interest; the proceeds from the sale; the remaining balance after applying the sale proceeds; a breakdown of the expenses incurred in selling the property; any credit to which the consumer is entitled; and the amount of the deficiency claimed. Defendant did not send out Deficiency Notices to plaintiff and the class.

Plaintiff and the potential class are entitled to uniform statutory damages as a result of defendant's failure to comply with the UCC (and the MVSFA). 13 Pa. C.S.A. § 9625(c) provides consumers with a uniform minimum liquidated damages, "regardless of any injury that may have resulted". *See*, Official Comment 4 to 13 Pa. C.S.A. § 9625 9-625(c):

> Persons entitled to recover damages; statutory damages in consumer goods transaction. If the collateral is consumer goods, a person that was a debtor or secondary obligator at the time a secured party failed to comply with this chapter may recover for that failure in any event an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price.

This statutory damage provision has routinely been applied as written. *See e.g., Kruse v. Voyager Ins. Co.,* 648 N. E.2d 814 (Ohio 1995).

Separately, the failure to send the deficiency notice provides for a uniform, statutory damage of $500.00. 13 Pa C.S.A. § 9625(e)(5).

## I. Factual Background

In or about September 2002, Mr. McCall obtained an automobile loan from Drive for the purchase of a used Ford automobile. After two years of timely payments, in 2004, Mr. McCall fell behind on his car payments to Drive as a result of a serious family situation and Drive repossessed Mr. McCall's vehicle on February 28, 2005.

On or about March 1, 2005, Drive sent Mr. McCall a "Notice of Plan to Sell Property" in connection with the repossession by Drive of his vehicle. The Notice states that the vehicle would be sold after 10 days, i.e. "at a private sale sometime after 03/11/05", and that McCall would have to pay the sum of $ 8,968.24 to redeem the vehicle. This is the only notice sent to McCall advising of the repossession. Drive's Notice failed to comply with the 15 day notice required under their agreement(s) the UCC; and the MVSFA.

Drive acknowledges that it sent this non-compliant notice to approximately 750 Pennsylvania residents. Drive, through its counsel, has also acknowledged that approximately 1,520 cars belonging to Pennsylvania residents were repossessed during the class period.

If a deficiency remains after the sale of the vehicle, a creditor must send a letter explaining the deficiency ("Deficiency Notice") when it first makes written demand for the deficiency or within 14 days after the receipt of the request for same by the consumer. 13 Pa C.S. § 9616. Drive did not provide a notice explaining any deficiencies claimed due as required under 13 Pa.C.S. § 9616. Drive has provided no evidence that a single deficiency notice was issued to any consumer. Pursuant to 13 Pa. C.S. § 9625(e), each

consumer class member may recover a uniform $500.00 damages as a result of a creditor's failure to provide an explanation of the deficiency, where that failure is part of a pattern or practice of noncompliance. Both of Plaintiff's damages claims are uniform and based upon a statutory formula.

Plaintiff has provided an expert report from Larry Goodman, CPA, who opines that the arithmetic calculation of damages (finance charge plus 10%) would be an easy, straightforward calculation for each class member.

## II. Discussion

In determining whether this action is properly certifiable as a class action, the court is confined to a consideration of the class action allegations and is not concerned with the merits of the controversy. The court's purpose in resolving the motion for class certification is to decide solely whether the action shall continue as a class action or as an action with individual parties only. Pa.R.C.P. § 1707 (Explanatory Note 1977). Accordingly, in resolving the pending motion, the Court cannot make any ruling on Plaintiffs' ultimate recovery against any named defendant nor on the merits of any defense raised. The burden of proving that classification is appropriate falls upon the party seeking certification. D'Amelio v. Blue Cross of Lehigh Valley, 347 Pa. Super. 441, 449, 500 A.2d 1137, 1141 (1985); Janicik v. Prudential Insurance Company of America, 305 Pa. Super. 120, 128, 451 A.2d 451, 454 (1982).

In order for the court to grant class certification, the plaintiff must demonstrate that the requirements set forth in Pa.R.C.P. § 1702 have been satisfied. Rule 1702 sets forth those requirements as follows:

Rule 1702: Prerequisites to a class action.

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:

    (1) the class is so numerous that joinder of all members is impractical;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

    (4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

    (5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

### 1. NUMEROSITY

Drive has acknowledged that approximately 750 Pennsylvania residents received a notice like the one attached to the Complaint. The class size will likely be closer to the number of repossessions, i.e. 1520, during the class period as recently identified by Drive's counsel. Drive's representations in its pleadings establish numerosity for purposes of class certification.

### 2. COMMONALITY

Rule 1702(2) requires that plaintiff's show that "there are questions of law or fact common to the class." Commonality does not require that every question of law or fact be common to every member of the class; rather, the requirement is generally met if the class members' legal grievances arise out of the "same practice or course of conduct" on the part of the class opponent. *Janicik*, 451 A.2d at 457, *accord, Rose v. Shawmut*

*Developnet Corp.*, 460 Pa. 328, 333 A.2d 751, 753 (1974) (claims arising from form mortgages generally give rise to common questions).

The common questions in this case are set forth at ¶31 of plaintiff's Complaint.

(a)  Whether defendant failed to send the Notice of Repossession required under the MVSFA as required after repossessing a vehicle;

(b)  Whether defendant failed to send the Notice in the form and manner required under the UCC and MVSFA after repossessing a vehicle;

(c)  Whether defendant sent a written explanation of the deficiency claimed due as required under the UCC; and

(d)  The statutory or other damages provided for such misconduct.  These issues are common to each of the 750 or more Pennsylvania consumers identified by Drive at this juncture, and therefore plaintiff meets the commonality standard.

## 3. TYPICALITY

Plaintiffs must demonstrate that their claims or defenses are typical of the claims or defenses of a class.  Pa.R.C.P. § 1702(3).  In order to satisfy the typicality requirement, the position of the class representative on the common issues must be sufficiently aligned with that of the absent class members to insure that the pursuit of the named plaintiffs' own interest will advance those of the proposed class members.  D'Amelio, Supra, 347 Pa. Super. At 458, 500 A.2d at 457; Ablin, Supra, 291 Pa.Super. at 47, 435 A.2d at 212.

A named plaintiff's claim is considered to be typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class

members, and if claims of the named plaintiff emanate from the same legal theory or common allegation as the claims of the class members.

Instantly, the complaint delineates Dive's regular use of an improper form letter: a repossession notice contrary to that mandated by the UCC and MVSFA for consumers who have suffered a repossession, and the ensuing (absent) deficiency notice. The illegality of these form documents will not vary in any significant way among class members – either the forms are illegal or not.

Typicality does not require identical claims and a variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class. *See Bucci v. Cunard Line Ltd.*, 35 D & C 3d 228, 237 (1985). In this case, plaintiff McCall is a Pennsylvania resident who financed a vehicle through Drive, who after repossessing the car, failed to provide the notices required under the UCC, the retail installment contract and the MVSFA, and failed to send a proper deficiency notice. Each class member is in the identical situation. The Complaint alleges no claims that are particular to Mr. McCall such that he would be atypical of or antagonistic to any other class member. Even if Drive argues that each class member owed a deficiency and that it is entitled to a set off, that would only impact the amount of damages to be awarded. *See also Walczak*, 850 N.E. 2d at 371-372 (rejecting claim that deficiency set-offs may be a bar to class treatment).

Additionally, the statutory damage formula is the same for all class members. The formula is a question of simple math, assuming the common liability question is resolved in favor of the class. From Drive's records, one would only need to add the finance charge and principal balance outstanding on each of the finance agreements in the

class to calculate aggregate as well as individual statutory damages.  It is well-settled that minor variations in damages do not impair typicality or preclude certification. *See, In Re Comm. Bank of N. Va.*, 418 F.3d 277 at 305-06(3d Cir. 2006).  Because the damages formula is uniform for all class members and may be calculated with mathematical certainty, there is no impediment to class certification in this case.

### 4. ADEQUACY

Rule 1702(4) requires that "the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709." This requirement has three elements: (1) whether counsel for the name dplaintiff will adequately represent the interests of the class; and (2) whether the representative parties have a conflict of interest in the maintenance of the class action; and (3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

Generally, competency of class counsel is presumed.  This Court finds that McCall is represented by counsel experienced in consumer class action litigation.  Cary L. Flitter and Lundy, Flitter, Beldecos & Berger, P.C. have been approved as competent counsel by this Court in other consumer class actions.  Flitter has presented at lectures and CLE's regionally and nationally for over 10 years.  Flitter teaches Consumer Credit Litigation at Widener University Law School (adjunct faculty) and is co-author of *Pennsylvania Consumer Law,* Geo. Bisel Publishing Co. Mr. McCall and the class will also be represented by Theodore E. Lorenz of the Lundy, Flitter firm.  Mr. Lorenz has significant trial experience and has been previously named class co-counsel in consumer matters in federal court.

The class is also represented by Michael D. Donovan, a principal in the firm of Donovan Searles, LLC. Mr. Donovan has extensive experience representing investors, consumers, and small businesses in class actions, shareholder rights, consumer and commercial litigation. Donovan has been previously named class counsel by this Court and by other courts in this and other federal districts.

Plaintiff McCall will fairly and adequately represent the class. Plaintiff McCall sits in virtually the same position as the putative class members who, like him, were not provided with the notices required under the UCC and the MVSFA. There is nothing to suggest that McCall may have any interest antagonistic to the vigorous pursuit of the class claims against Drive.

The Court has been made aware that some 15 years ago, that McCall was arrested and convicted of robbing a convenience store in Bucks County. He served 5 years in jail and was released in September 1996. According to counsel, Mr. McCall is not on parole and does not have to see a parole officer or anyone related to the conviction, which is now more than a decade in his past. He has not had any further convictions other than this singular criminal episode dating to 1991. This old offense has no bearing on this prong of class certification. *See Haywood v. Barnes*, 109 F.R.D. 568, 579(E.D.N.C. 1986). Mr. McCall is an adequate class representative, knowledgeable and interested to bring this case on behalf of himself and the other members of the putative class.

Furthermore, Plaintiff also sued Drive under the federal Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. *McCall v. Drive Financial Services*, U.S.D.C. E.D. Pa No. 05-cv-2463(AB). In opposition to the federal action, Drive argued extensively that Mr. McCall's old conviction somehow rendered him inadequate to serve as class

representative.  The federal court rejected Drive's argument, finding the conviction both old and entirely unrelated to any aspect of the case.  *McCall v. Drive Financial Services*, 236 F.R.D. 246 (E.D. Pa. 2006).

Finally, the named plaintiff has adequate financial resources. Pa.R.C.P. 1709(3). Class counsel are advancing their time and the litigation costs, as they are permitted to do.  Therefore, the adequacy prong is met.

### 5. Fair and Efficient Method for Adjudication of the Controversy

Pa.R.C.P. § 1702(5) requires that the Court find that a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Pa.R.C.P. 1708 as a prerequisite to class certification.  The factors set forth in Pa.R.C.P 1708 to be considered in deciding whether or not a class action is a fair efficient method of adjudication include, in relevant part, "whether common questions of law or fact predominate over any question effecting only individual members" (Pa.R.C.P 1708(a)(1); the size of the class and the difficulties likely to be encountered in the management of the action as a class action (Pa.R.C.P. 1708(a)(2)); and whether the claims of individual class members are insufficient in amount to support separate actions (Pa.R.C.P. 1708(a)(7)).

In determining fairness and efficiency, a court is required to balance the interests of the litigants, including putative class members, and the interests of the court system, with the court being mindful that the class action is inherently a procedural device designed to promote efficiency and fairness in handling large numbers of similar claims. *Lillian v. Commonwealth*, 467 Pa. 15, 21, 354 A 2d 250, 253 (1976).

Pursuant to Rule 1708 (c), "[w]here both monetary and other relief is sought, the court shall consider the criteria all the criteria in both subdivisions (a) and (b) of the Rule.

Class cases challenging improper repossession and deficiency notices under the UCC's remedy provision have been regularly certified by sister state courts. *Walczak*, 850 N.E.2nd at, 366-372 (affirming certicication of class of motor vehicle buyers in action against finance company with respect to repossession and deficiency misconduct); *Middleton v. Sunstar Acceptance Corp.*, 2000 WL 33385388, *3-*8 (S.C. Com. Pl. Jan. 13, 2000)(certifying class of motor vehicle buyers alleging that financing companies repossession form violated the UCC); *Chisolm v. Transouth Financial Corp.*, 194 F.R.D. 538, 557-569 (E.D. Va. 2000)(certifying class and subclasses against financing company for violation of UCC notice requirements in alleged car churning scheme); *Patrick v. Wix Auto Co.*, 681 N.E.2d 98, 102 (Ill. App. 1st Dist. 1997)(holding that repossession notice utilized by financing company violated state law).

Here, common questions predominate throughout the class as a result of Drive's failure to provide both the repossession and deficiency notices required under the UCC ans the MVSFA. *See* Rule 1708(a)(1). The predominance standard is "closely akin to" the commonality requirement of Rule 1702(2) discussed above, which is clearly satisfied in the matter. *Janicik* at 461.

There is no basis to conclude that any difficulties would be encountered with the management of this matter on a class action basis. Rule 1709(a)(2). The class consists of between 750 and 1520 Pennsylvania consumers and involves Drive's failure to provide the notices required under the UCC and the MVSPA in connection with Drive's repossession of vehicles belonging to plaintiff and the class. Drive's business is highly computerized and as such, Drive should be able to readily access information relating to plaintiff and the class; *compare Janicik* at 462 ("...the names, addresses and insurance

records of all potential class members were centrally stored by [defendant].
Consequently, management problems unique to the class porceedure would not be unduly
burdensome...").

This forum is particularly appropriate in which to address the claims of the
plaintiff and the putative class. *See* Rule 1708(a)(3),(5),(6), and (7). The cost of
proceeding on an individual basis would not be practical or economical given the
potential size of individual awards and members of the putative class will benefit by
proceeding on a class basis.

In addition to monetary relief, Plaintiff also seeks declaratory relief in this action.
Declaratory relief is appropriate in this case since Drive has acted or refused to act, or
failed to perform a legal duty, on grounds generally applicable to all class members. *See*
Rule 1708 (b)(2). The defendant's conduct does not, however, have to be directed at or
damaging to each member of the class to justify declaratory relief. *Willams v. Empire
Funding*, 183 FRD at 435-37.

Declaratory relief is also appropriate because Drive's repossession and deficiency
procedures fail to comply with Pennsylvania law. As Plaintiff asserts in his Motion, "the
public interest in seeing that the rights of consumers are vindicated favors the disposition
of the instant claims in a class action form." *Lake v. First Nationwide Bank*, 156 F.R.D.
at 626; *accord Baldassari*, 808 A.2d at 195.

## II. CONCLUSION

Plaintiff has shown that each of the requirements for class certification set forth in
Rule 1702 are satisfied: (1) the class is so numerous that joinder of all members is
impracticable; (2) there are questions of law or fact common to the class; (3) plaintiff's

claims are typical of those of the class members; (4) plaintiff is ans adequate representative of the class; and (5) the class action provides a fair and efficient method for adjudication of the controversy.   Plaintiff has shown that the criteria of Rule 1708 are satisfied.

The Court therefore grants Plaintiff class certification.

BY THE COURT:

Gary F. Di Vito,                     J.

COPIES SENT
PURSUANT TO P.R.C.P. 236(b)

APR 1 4 2009

FIRST JUDICIAL DISTRICT OF PA
USER I.D.

## <u>VERIFICATION</u>

I verify that the averments of fact made in the foregoing complaint is true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

_____

· Troy Orr

## **VERIFICATION**

I verify that the averments of fact made in the foregoing complaint is true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

Kimberly Johnston

## VERIFICATION

I verify that the averments of fact made in the foregoing complaint is true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

Hugh Kelly

## VERIFICATION

I verify that the averments of fact made in the foregoing complaint is true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

_Christine Kelly_
Christine Kelly

## VERIFICATION

I verify that the averments of fact made in the foregoing Class Action Complaint are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4804 relating to unsworn falsification to authorities.

_William R Howells_
William Howells

_Louise Howells_
Louise Howells

Case ID: 200500821

## AFFIDAVIT OF SERVICE

| Case:<br>200500821 | Court:<br>IN THE COURT OF COMMON PLEAS OF PHILADELPHIA<br>COUNTY, PENNSYLVANIA | County: | Job:<br>4537410 ( 200500821) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>CARL SPIVEY, TROY ORR, KIMBERLY JOHNSTON, WESLEY<br>MONTGOMERY, HUGHKELLY, CHRISTINE KELLY, WILLIAM HOWELLS,<br>AND LOUISE HOWELLS, INDIVIDUALLY AND ON BEHALF OF ALL<br>OTHERS SIMILARLY SITUATED | | Defendant / Respondent:<br>SANTANDER CONSUMER USA, INC. | |
| Received by:<br>Stealth Process | | For:<br>Shenkan Injury Lawyers, LLC. | |
| To be served upon:<br>SANTANDER CONSUMER USA, INC., BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM | | | |

I, Krystal Jones, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   SANTANDER CONSUMER USA, INC., BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM,
                                              WHERE THE DOCUMENT WAS ACCEPTED BY Beatrice Casarez-Bar, DESIGNATED AGENT FOR SERVICE OF
                                              PROCESS, 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201

Manner of Service:   Authorized, May 15, 2020, 2:15 pm CDT

Documents:   CLASS ACTION COMPLAINT (Received May 14, 2020 at 12:30pm CDT)

Additional Comments:
1) Successful Attempt: May 15, 2020, 2:15 pm CDT at 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201 received by SANTANDER CONSUMER USA, INC., BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM, WHERE THE DOCUMENT WAS ACCEPTED BY Beatrice Casarez-Bar, DESIGNATED AGENT FOR SERVICE OF PROCESS.

_____          5·15·20
Krystal Jones                                          Date
PSC 10814 EXP 3/31/21

Stealth Process
1910 PACIFIC AVE., SUITE 14115
DALLAS, TX 75201
817-707-0649

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

5/15/2020
_____
Date                          Commission Expires

NATASHA DANIELLE FRENCH
Notary Public, State of Texas
Comm. Expires 04-05-2021
Notary ID 131075628

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| ANTHONY WEST, SR., MEGAN HAYES, ) | |
| COURTNEY CRISSMAN, TROY ORR, ELAINE ) | CIVIL ACTION |
| NEWKIRK, WESLEY MONTGOMERY, ) | |
| HUGH KELLY, CHRISTINE KELLY, ) | No.  May Term, 2000500821 |
| BARBARA HUFFORD, WILLIAM ) | |
| HOWELLS and LOUISE HOWELLS, ) | |
| individually and on behalf of all others similarly ) | |
| situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SANTANDER CONSUMER USA, INC. ) | |
| ) | |
| Defendant. ) | |

### STIPULATED ORDER

Plaintiffs Carl Spivey, Troy Orr, Kimberly Johnston, Wesley Montgomery, Hugh Kelly, Christine Kelly, William Howells, and Louise Howells ("Plaintiffs") and Defendant Santander Consumer USA Inc. (hereafter "Santander") hereby stipulate as follows:

1.  Santander was served with the Complaint on May 15, 2020.

2.  Santander has requested a 20-day extension to answer, move, or otherwise respond to the pending Class Action Complaint, thereby extending the deadline from Thursday, June 4 to Wednesday, June 24, 2020.  Plaintiffs do not object to this requested relief.

3.  Nothing in this Stipulated Order is intended to alter any statutory deadline to remove (or attempt to remove) this case to federal court or any other defense that Santander may raise in response to the Complaint.

Date: _____        SHENKAN INJURY LAWYERS, LLC.

                        By: Richard Shenkan
                        *Attorney for Plaintiffs*

Date: 5/29/20          McGUIREWOODS LLP

                        By: K. Issac deVyver
                        *Attorney for Defendant*

IT IS SO ORDERED.

Date: _____        _____
                                                    J.